**Carolyn Lee HARRELL, Plaintiff-Appellee,**

v.

**AMERICAN LIFE INSURANCE COMPANY OF NEW YORK, Defendant-Appellant.**

**No. 473, Docket 31774.**

United States Court of Appeals Second Circuit.

Argued May 1, 1968.

Decided May 20, 1968.

Robert H. Erdmann, Wick, Dinse & Allen, Burlington, Vt., for plaintiff-appellee.

John A. Burgess, Theriault & Joslin, Montpelier, Vt., for defendant-appellant.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

Plaintiff's husband, John Harrell, applied on January 7, 1964 for a life insurance policy in the face amount of $10,-000 which contained provisions for "waiver of premium" and "double indemnity for accidental death." The initial premium of $191.10 for this coverage, which included $3.80 for the waiver of premium and $9.20 for the accident indemnity, was paid to the soliciting agent.

Harrell was an aviation pilot in the military reserve and planned to continue flying with the Air National Guard. Therefore he requested "full aviation coverage," understood by him and defendant's soliciting agent to provide that the double indemnity payable to the policy beneficiary in the event of an accidental death would be payable in the event that death resulted from an accidental aircraft crash while the insured was piloting the aircraft. "Full aviation coverage" was granted and Harrell paid an additional premium of $29.00 to have it added to the original premium of $9.20 for double indemnity if death occurred from an accident. A policy was issued on February 26, 1964 which stated that the annual premiums were $220.10.

On December 23, 1965 Harrell died from injuries he received when an Air National Guard plane he was piloting crashed. The plaintiff, the beneficiary of the deceased's policy, was paid the face of the policy but was not paid the added $10,000, the company maintaining that an exclusion in the policy from accident indemnity coverage applied. This exclusion, applicable to accident indemnity, provides that no double indemnity " * * * shall be payable * * * if the death of the Insured results directly or indirectly * * * from service, travel or flight in any kind of aircraft except as a passenger."

**672**

 The court below, after a full hearing, found that both the decedent and defendant's agent understood that this exclusionary provision would not deprive the insured's beneficiary of double indemnity in the event the insured was accidentally kiled while piloting an airplane in that an extra premium was paid for "full aviation coverage"; and that, in view of this understanding and this payment, if there is any possible doubt as to the meaning of "full aviation coverage" that doubt should be resolved against the insurer.

Judgment below for $10,000 and interest was awarded to the plaintiff. We agree with the disposition below.

Judgment affirmed.